[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S POST JUDGMENT MOTION FOR MODIFICATION OF SUPPORT
The defendant has filed a Motion for Modification of Support. There are two minor children for whom Support has been ordered: Lillianne age 13 and Arthur age 10. The defendant's motion alleges that he has one job now and a newborn child.
At the time of the previous orders of support, the defendant had two jobs, one at Crown Foundations and one with the predecessor of his present employer Lance Investigations. He has been employed by Lance Investigations as a security officer for two years, but by its predecessor for ten years. While at Crown Foundations he was earning a net of $295 per week.
The original order of $204 per week was entered on December 27, 1996. With his two jobs, the defendant earned a net weekly wage of $562. It was this figure that was used in calculating the presumptive child support of $204.00 per week.
In the year 2000, the defendant voluntarily terminated his position at Crown Foundations. In view of the defendant's voluntary termination of that position, the court may properly consider the amount earned in that position to determine the defendant's earning capacity. However, the Child Support Guidelines Regulations establish a limit of 52 paid hours per week in calculating gross income for child support purposes. See Preamble of Child Support and Arrearage Guidelines (f) (1) (A) (i) [ (f) Income determination, (1) Gross income, (A) Inclusions, (i) Overtime and additional employment (page V of Child Support and Arrearage Guidelines]. The defendant's gross pay at Lance Investigations is $468 per week. This is for forty-eight hours. To that may be added four more hours at $9.00 per hour or $36.00 for a total earnings of $504 per week. After deduction for federal and state income taxes and FICA, the defendant's net income is approximately $380 per week. CT Page 13377
At the time of the original order, the plaintiff was earning $256 per week as a sales clerk. She is now employed by Access Ambulance in Stamford. She earns a gross amount of $520 per week. After deductions for federal and state income taxes and FICA, the plaintiff's net income is approximately the same as the defendant's.
The defendant has a new dependent. (See defendant's exhibit 1.) Imputed support for that child is $54.00. Net income for the defendant for purposes of the guidelines is $336. Combined net weekly income is $716. Basic child support is $250 of which the defendant's obligation is $117 and the plaintiff's obligation is $133.
The younger child, Arthur, has serious disabilities. He has been diagnosed as a manic depressive with psychotic features and having a pervasive developmental disorder. He is in special education and has a special teacher where he is taught one on one. The plaintiff has child care expenses of $100 per week. The defendant must pay 47% of this expense. Presumptive support for the defendant is, therefore, One Hundred Sixty-four ($164) Dollars per week.
The plaintiff further testified that her expenses for the children have doubled. At the time of the original order, she listed her food expenses at $100 per week. It is now $150 per week. Her clothing expenses for the children has likewise increased $10.00 per week.
In view of the extraordinary expenses for Arthur's care and maintenance, the court finds that an amount of $164 per week support for these two minor children is inequitable and inappropriate in this particular case. The court, therefore, deviates from the Child Support Guidelines, more particularly under section 46b-215a-3 (b) (2) (c) of the Regulations "expenses for special needs". An amount of $40 per week is a fair and equitable amount for this purpose.
The court finds as follows:
 1. There has been a substantial change in the financial circumstances of each of the parties.
 2. The Child Support Guidelines demonstrate a Presumptive support of $117 for the defendant and $133 per week for the plaintiff. To this must be added the defendant's share of child care expenses for a total amount of $164 per week.
3. The court finds that it would be inequitable and CT Page 13378 inappropriate to apply the Child Support Guidelines strictly in this particular case.
 4. The court deviates from the Child Support Guidelines pursuant to the regulations governing deviation and fixes a figure of $204 per week as the defendant's fair and equitable amount of support in this case.
The defendant's Motion for Modification is denied for the foregoing reasons.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 13379